[No. 16967. Department Two. April 8, 1922.]

EDGAR L. OSBORN et al., Respondents, v. MARVIN CHASE
et al., Appellants.

JOHN D. DILL et al., Respondents, v. MARVIN CHASE
et al., Appellants.[1]

WATERS AND WATER COURSES (99)—IRRIGATION—REGULATION OF
SUPPLY. Where a decree apportions the water of a stream to vari-
ous tracts, one user not actually prejudiced cannot complain because
another user of two tracts diverts the percentage apportioned to one
of his tracts and uses it all upon the other.

SAME (99). Where a decree apportions water of a stream to vari-
ous tracts on a percentage basis, the adoption of a rotation plan
does not entitle a lower owner to have a pond on the land of an
upper owner completely drained on the days he is allowed to use the
water, when only the overflow joins the stream, where the pond is
filled from the upper owner's share of the water.

SAME (99). Where the waters of a stream have been appor-
tioned by a decree of court on a percentage basis, the hydraulic
engineer can only enforce the decree and cannot order a rotation
plan conflicting with the percentages.

Appeal from an order of the superior court for
Chelan county, Grimshaw, J., entered August 8, 1921,
in favor of the plaintiffs, directing the state hydraulic
engineer to apportion the waters of a stream for irri-
gation purposes, after a hearing before the court. Re-
versed.

The Attorney General and Fred J. Cunningham, As-
sistant, for appellant Marvin Chase.

W. O. Parr and Carroll B. Graves, for appellants
Murray et al.

Barrows & Hanna and John D. Dill, for respondents.

HOVEY, J.—These are consolidated cases wherein the
respondents sought to review what they considered an

[1]Reported in 205 Pac. 844.

order of the hydraulic engineer relative to the apportionment of water.

The trial court entertained the appeal, took testimony, and, at the conclusion thereof, entered an order referring the matter back to the hydraulic engineer, with directions to make a new order and to assume as a basis certain principles of division, concerning which appellants· Thompson and Murray complain.

Swakane creek is a small stream in Chelan county, fed principally by springs, and carrying, during the irrigating season, a maximum of about one hundred inches of water. In the year 1910, the waters of the stream were apportioned to various parties by a decree of the superior court of Chelan county. The award was by percentages, and each party was awarded his percentage, as against all other parties to the action, throughout the season. After the entering of the decree, the parties voluntarily entered into a rotation plan by which each party was allowed to use the entire flow for a certain period. As originally awarded, a certain percentage was allowed because of the ownership of lands lying at the head of the stream, and these lands have never been developed, but the appellants, who are successors in interest of the owners of these lands and the water awarded because of such ownership, are also the owners of land further down the stream, and are undertaking to transfer the water awarded because of the ownership of the higher lands for use upon their lower lands. The respondents object to this transfer and take the position that, unless the water is actually used upon the land to which it is awarded, it should be treated as abandoned water and belong to the stream. The respondents do not own any land, however, between the higher lands mentioned and the point where appellants take the water from the

stream for the use on their lower lands, and the testimony does not show that they are prejudiced in any manner by the transfer. For several years the parties have used a pipe line as a substitute for a portion of the channel of the stream.

Another phase of the controversy is the use to be made of a shallow pond situate upon the land of appellant Thompson. The testimony shows that there was formerly a swamp at this place and that, when the land was cleared up, this pond was substituted for the swamp. Any overflow from this place is tributary to the stream. It is the contention of the respondent Dill, whose lands lie below those of Thompson, that, when the rotation plan is followed, this pond should be completely emptied on the days when he is allowed to use the water, and the testimony in behalf of Thompson shows that it would consume most of his period to refill the pond.

The hydraulic engineer appeals from the order entered by the trial court, contending that all that he did was to suggest a plan for rotating water, and that he did not intend his communication to operate as a final order. The proceeding was initiated by a petition to the hydraulic engineer to adopt a plan for rotation of water, and in response thereto that official issued a communication in which he uses language that the respondents were justified in accepting as a determination of the hydraulic engineer to apportion the water according to the proposed schedule attached to the communication.

The proceeding in question should be considered to be under the provisions of § 11 of ch. 117, p. 452, Laws of 1917 [see Rem. Comp. Stat., § 7361], by which an appeal is allowed from any order, etc., of the hydraulic engineer, and not under the provisions of §§ 14-26,

pp. 454-459 [Rem. Comp. Stat., §§ 7364-7377], whereby the hydraulic engineer is authorized to institute a proceeding to have the court decree property rights in water.

In our opinion, the order of the trial court is erroneous in applying the principles of law upon the facts as made in the record.

Assuming, without deciding, that the original riparian character still attaches to these waters since the decree apportioning them, no complaint can be made by one user of water against a change in the point of diversion by another user unless he is prejudiced thereby. 1 Wiel, Water Rights (3d ed.), § 754; 2 Kinney, Irrigation and Water Rights (2d. ed.), p. 1501.

Appellants are entitled to use upon their lower lands the percentage of water awarded because of the ownership of the higher lands now owned by them.

As to the use of the pond, so far as it is supplied by drainage from the land around it, the appellant Thompson is entitled to continue its use and cannot be compelled to release stored water to the respondent Dill, but any overflow must be permitted to rejoin the stream; and in case appellant Thompson desires to use any of the water from the main stream to replenish the pond it must be done from the portion of water belonging to him.

The rights of the parties to this action in the waters of this stream are defined by the original decree, and unless they can agree upon some plan of rotation, all that the hydraulic engineer can do is to give to each party the percentage awarded him by the decree.

The judgment is reversed for further proceedings in accordance with this opinion.

HOLCOMB, MITCHELL, MAIN, and MACKINTOSH, JJ., concur.